# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | Mag. No. 16-447 |
| **v.** : | |
| : | |
| **JESSIE A. OLIVIERI,** : | |
| : | |
| **Defendant.** : | |

## GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION

The government respectfully moves this Court to issue an Order detaining the defendant without bond. At the defendant's initial appearance, the government requested that the defendant be held because (1) he presents a danger and (2) he presents a risk of flight.

**I.      Legal principles governing requests for detention.**

The Bail Reform Act lists four factors that guide a court's pre-trial detention decision: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug, (2) the weight of the evidence against the person, (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. See 18 U.S.C. § 3142(g). A judicial determination that a defendant should be detained pending trial on the ground of community safety must be supported by clear and convincing evidence. *United States v. Smith*, 79 F.3d 1208, 1209 (D.C. Cir. 1996). When "risk of flight" is the basis for detention, the government must satisfy a preponderance of the evidence standard. *United States v. Xulam*, 84 F.3d 441, 442 (D.C. Cir. 1996).

Under 18 U.S.C. § 3142(f)(1), a person may be preventatively detained pending trial

when he is charged with a "crime of violence." *See* 18 U.S.C. § 3142(f)(1)(A).  18 U.S.C. § 3156(a)(4)(A) defines a crime of violence as "an offense that has an element of the offense, the use, attempted use, or threatened use of physical force against the person or property of another." Under 18 U.S.C. §§ 111(a)(1) and (b), a person commits Assaulting, Resisting, or Impeding Certain Officers or Employees with a Dangerous Weapon when the person forcibly assaults, resists, opposes, impedes, intimidates, or interferes with a USCP officer while the officer is engaged in or on account of the performance of officials duties, and in the commission of such act uses a dangerous weapon.

Additionally, under 18 U.S.C. § 3142(f)(1)(E), a person may be preventatively detained pending trial when he is charged with a crime involving the possession or use of a firearm. Under 18 U.S.C. §§ 115(a)(1)(B) and (b)(1)(B)(iv), a person commits Assaulting a Federal Law Enforcement Officer with a Dangerous Weapon when the person assaults or threatens to assault a USCP officer with the intent to impede, intimidate, or interfere with the officer while engaged in the performance of official duties, and where a dangerous weapon was used during and in relation to the offense.

Last, under 18 U.S.C. § 3142(f)(2)(A), a person may be preventatively detained when he presents a risk of flight.

**II.     Factual proffer of the evidence supporting the charge against the defendant.**

On May 20, 2012, at approximately 3:05 p.m., witnesses reported gunfire in the 1600 Block of E Street N.W., Washington, D.C., near the south side of the White House.  A witness observed a white male sitting in the front driver's seat of a white Toyota Camry bearing Pennsylvania license plates.  This vehicle was parked on the north side of the 1600 Block of Constitution Avenue, N.W.  (Subsequent investigation determined that the vehicle was registered

to the defendant and contained papers associated with him.)  The witness was approximately one car length in front of the white Toyota Camry when it heard a loud "pop."  The witness turned around and saw an individual who it described as the same individual who had been seated in the white Toyota Camry.  The witness described the individual as a white male, 25-30 years old, with long curly blond hair, wearing a gray tee shirt, and khaki pants, holding a silver handgun with a long barrel in his right hand.  The witness told investigators that the individual walked away quickly north through the grass toward the White House.  The individual still had the handgun in his right hand.

A short time later, United States Secret Service ("USSS") Uniform Division Officers observed an individual who matched the description given by the witness pass through the security gate near the southwest grounds of the White House located in the 1600 Block of E Street, N.W., and proceed quickly towards the security gate near E Street and South Place, N.W.  (This individual was subsequently identified as the defendant.)  The defendant was still openly holding a silver handgun in his right hand.  USSS officers repeatedly ordered the defendant to stop, but he ignored their commands.  Instead, the defendant continued to walk toward the White House.  At that point, a USSS agent confronted the defendant, again ordering him to halt and drop his weapon.  When the defendant refused, the agent shot him once.  Prior to being transported to the hospital, a USSS officer asked the defendant why he came to the White House, and the defendant responded as follows:  "I came here to shoot people."

A silver Ruger, Mark 2 Target, .22 caliber semiautomatic handgun (S/N 214-19568) was recovered from the defendant.  It contained one round of ammunition in the chamber, and eight rounds of ammunition in the magazine.   Subsequently, a 1998 white Toyota Camry, displaying Pennsylvania license plate number JWM-9390 was found parked in the location

described by the witness.  It was registered to the defendant.  One spent .22 caliber shell casing was also observed in the westbound travel lanes of Constitution Avenue near the Toyota Camry. The following was recovered from the automobile:  (1) an empty holster, (2) 15 rounds of .22 caliber ammunition, (3) a canister of pepper spray, (4) a wallet containing OLIVIERI'S identification, and (5) vehicle title, registration, and insurance (all in the defendant's name).

### III.     The defendant should be detained.

Under the factors set forth in 18 U.S.C. § 3142(g), the government will demonstrated the defendant presents both a danger a risk of flight.

#### A.     The Nature and Circumstances of the Offense

In short, the crime the defendant has been charged with is serious within the meaning of § 3142(g)(1).  By its express terms, § 3142(g)(1) focuses on "the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or controlled substance, firearm, explosive, or destructive device."  18 U.S.C. § 3142(g)(1) (emphasis added).  The offense charged in the complaint is a crime of violence because the offense has as an element the use, attempted use, or threatened use of physical force against the person or property of another.  *See* 18 U.S.C. § 16(a).

A consideration of the nature and circumstances of the offense also requires the Court to weigh the possible penalty the defendant faces upon conviction.  *See United States v. Townsend*, 897 F.2d 989, 995 (9th Cir. 1990).  Here, the seriousness of the defendant's crimes is reflected in the possible sentence he would face if convicted.  If defendant is convicted of an offense under 18 USC 111(a)(1) and (b), the maximum sentence of imprisonment is 20 years.  *See, e.g., United States v. Geerts*, 629 F. Supp. 830 (E.D. Pa. 1985) (defendant facing prospect of 50 years of incarceration was a risk of flight).

**B.**     **The Nature and Seriousness of the Danger to Any Person or the Community that Would be Posed by the Defendant's Release**

As noted above, the defendant has demonstrated a willingness to ignore the directions of law enforcement, even when threatened with force.  In addition, he has shown that he is not averse to placing the lives of innocent civilians, including men, women, and children, in danger.

**C.**     **The Weight of Evidence Against the Defendant**

Without belaboring the discussion of the evidence above against the defendant, it is sufficient to say that the case against him is overwhelming.  The crime was caught from multiple viewpoints on surveillance video.  Multiple law enforcement and civilian witnesses provided statements in which they further described the defendant's actions.

**D.**     **The History and Characteristics of the Defendant**

The defendant's characteristics demonstrate his danger and risk of flight.  The history and characteristics of a person include, "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings."  18 U.S.C. § 3142(g)(3)(A).  The defendant brought a firearm to the Whitehouse, placing innocent bystanders in jeopardy; he ignored law enforcements instructions; he stated that the wanted to "shoot people"; he told Pretrial Services that "he wanted to die by suicide by police"; and he has no contacts with this community.

**IV.**     **Conclusion.**

For the foregoing reasons, as well as those that will be set forth at a hearing on this motion, the government respectfully submits that there exists no condition or combination of conditions which would assure the return of this defendant to all future court appearances and the

safety of any person or the community. Accordingly, the government requests that the Court order the pre-trial detention of the defendant.

                                                Respectfully submitted,

                                                CHANNING P. PHILLIPS
                                                United States Attorney

By:                    _____/s/_____
                            John Crabb Jr.
                            Assistant United States Attorney
                            National Security Section
                            N.Y. Bar No. 2367670
                            United States Attorney's Office
                            555 Fourth Street, N.W., 11th Floor
                            Washington, DC 20530
                            (202) 252-1794